UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20447-CR-SINGHAL

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JASON VAN EMAN,

        Defendant.

_____/

**UNITED STATES' BENCH MEMORANDUM REGARDING**
**CRIMINAL FORFEITURE AND BIFURCATED PROCEEDING**

Pursuant to Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure,[1] the United States of America (hereinafter, the "United States" or the "Government"), by and through its undersigned counsel, hereby respectfully files this memorandum setting out the applicable rules and procedure governing criminal forfeiture in this case. The United States previously provided the Court and the Defendant with the United States' proposed forfeiture jury instructions and special verdict form via e-mail on March 23, 2022. The United States is not requesting to retain the jury for forfeiture. However, the United States respectfully recommends that the Court, before the jury begins its deliberations, inquire whether Defendant Jason Van Eman insists that the jury

---

[1] Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, which establishes a statutory right to a jury trial on the forfeiture allegations, states, in relevant part:

(5) *Jury Determination.*
   (A) *Retaining the Jury.* In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, ***the court must determine before the jury begins deliberating*** whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).

be retained after a guilty verdict to determine forfeiture.

## I. BRIEF PROCEDURAL HISTORY

1. On July 29, 2019, a federal grand jury sitting in the United States District Court for the Southern District of Florida returned a 40-count Indictment, which charged Defendant and two co-defendants, with, *inter alia*, conspiracy and wire fraud offenses as defined by 18 U.S.C. §§ 1349 and 1343, and conspiracy and money laundering offenses as defined by 18 U.S.C. §§ 1956(h) and 1957. Indictment, ECF No. 1.

2. The Indictment alleged that upon conviction of the Defendant's charged offenses, the following specific property, which includes real properties, is subject to forfeiture, pursuant to pursuant to 18 U.S.C. § 982(a)(1), and 18 U.S.C. § 981(a)(1)(C) (collectively, the "Subject Assets"):[2]

(a) Real property located at 2907 Woodrich Drive, Tallahassee, Florida;

(b) Real property located at 1420 Apple Alley Street, Bartlesville, Oklahoma;

(c) Real property located at 111 SE Fleetwood Place, Bartlesville, Oklahoma; and

(d) Real property located at 1444 Oakdale Drive, Bartlesville, Oklahoma.

3. A jury trial commenced on March 28, 2022. *See* Minute Entry, ECF No. 244.

4. On April 18, 2022, the United States rested, and the Court denied the Defendant's motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. *See* Minute Entry, ECF No. 265.

---

[2] The United States also seeks the entry of a forfeiture money judgment against the Defendant. However, as discussed herein, the Court, not the jury, determines the amount to impose as a forfeiture money judgment against the Defendant.

5. The trial against the Defendant is proceeding on the following thirty-one (31) counts of the Indictment:

Count 1: Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349)

Counts 2, 4-25: Wire Fraud (18 U.S.C. § 1343)

Count 26: Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h))

Counts 28-30, 34-35, and 39: Money Laundering (18 U.S.C. § 1957).

*See* id.

## II. RULES AND PROCEDURE FOR BIFURCATED FORFEITURE PROCEDURE

### A. Jury's Role and Requirements

Should the jury return a verdict finding the Defendant guilty of one or more of the offenses charged in the Indictment, the Government will seek the criminal forfeiture of the Subject Assets.

As part of a defendant's sentence, forfeiture is determined by the Court. *See Libretti v. United States*, 516 U.S. 29 (1995); Fed. R. Crim. P. 32.2(b)(1)(A). However, in cases tried before a jury involving the forfeiture of specific property, either party has a statutory right to retain the jury to determine whether the requisite forfeiture nexus exists. *See id.*; Fed. R. Crim. P. 32.2(b)(5). In such cases, "the court must determine *before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added). If a timely request is made to retain the jury, the Government will submit a special verdict form asking the jury "to determine whether the government has established the requisite nexus between the property [sought for forfeiture] and the offense committed by the defendant." Fed. R. Crim. P. 32.2(b)(5)(B). *Accord United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) (If a "party requests that a jury determine the forfeitability of specific property, the district court must submit that question to the

3

jury by way of a special verdict form."). Should the defendant not request that the forfeiture question be submitted to the jury prior to the beginning of deliberations, the right has been waived.

In accordance with Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, the Government again respectfully requests that the Court, before the jury begins its deliberations, inquire whether the Defendant requests that the jury be retained after guilty verdict to determine the forfeitability of the Subject Assets.

### B. <u>Burden of Proof</u>

Because forfeiture is part of a Defendant's sentence, the United States must establish by a preponderance of the evidence the requisite forfeiture nexus between the Subject Assets and the offense(s) of Defendant's conviction. *See United States v. Cabeza*, 258 F.3d 1256, 1257-58 (11th Cir. 2001) (citing *United States v. Dicter*, 198 F.3d 1284, 1290 (11th Cir. 1999)) (the burden of proof on forfeiture is a preponderance of the evidence notwithstanding the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). *See also Libretti*, 516 U.S. at 38-41 (1995) (holding that criminal forfeiture is part of the sentencing process).

### C. <u>Relevant Evidence</u>

The determination of forfeitability of specific property "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). Neither the Federal Rules of Evidence, nor any other rule, prohibits the Court from admitting hearsay statements or any other information that the Court accepts as relevant and reliable. *See* Fed. R. Evid. 1101(d)(3) (stating that the Federal Rules of Evidence are inapplicable in sentencing proceedings).

In addition to evidence already in the record in this case, the Government may present additional evidence during the forfeiture phase of trial.

### D. <u>Forfeiture Money Judgment / Substitute Assets</u>[3]

A jury's role in determining forfeiture is limited to specific property sought for forfeiture. Therefore, the Court, not the jury, must determine the amount of money the Defendant will be ordered to pay as a forfeiture money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("The court must determine the amount of money that the defendant will be ordered to pay"); *see also Curbelo*, 726 F.3d at 1278 ("We remain persuaded that the court, not a jury, should determine the amount of a money judgment forfeiture.").

Once a forfeiture money judgment is entered by the Court, the Government is entitled to the forfeiture of the substitute property, a defendant's other property, up to the value of the judgment pursuant to 21 U.S.C. § 853(p). The forfeiture of substitute assets is mandatory, and there is no right to have a jury determine the forfeitability of substitute assets. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006). Notably, because substitute assets may include *any* property of a defendant, neither the jury nor the Court need to determine a forfeiture nexus between such property and the crimes of conviction. *See United States v. Bryson*, 105 Fed. Appx. 470, 475 (4th Cir. 2004) (defendant cannot object to the forfeiture of a substitute asset on the grounds that it was not traceable to the offense); *United States v. McCorkle*, No, 6:98-CR-52-ORL-19JGG (M.D. Fla. Jan. 8, 2001) (there is no bar against forfeiture – as a substitute asset – of the property the jury declined to find subject to direct forfeiture).

### E. <u>Third-Party Interests</u>

The factfinder, either the jury or the Court, is not required to determine the extent of the Defendant's interest in the Subject Assets as that issue is not a matter for consideration in the

---

[3] The Indictment also alleges that the Defendant's other property is subject to criminal forfeiture as substitute property, pursuant to 21 U.S.C. § 853(p). *See* Indictment at 21.

forfeiture proceedings but is instead reserved for the ancillary proceedings following trial. *See generally* Fed. R. Crim. P. 32.2. *See also* Fed. R. Crim. P. 32.2 advisory committee note (2000) (discussing reason for eliminating confusion over whether extent of defendant's ownership interest should be determined by the jury and for providing that under the new rule the court simply enters an order of forfeiture "of whatever interest a defendant may have in the property without having to determine exactly what that interest is").

### III. APPLICABLE CRIMINAL FORFEITURE STATUTES

If retained, the jury's sole inquiry in the forfeiture phase of trial would be "whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(B). Below are the applicable criminal forfeiture statutes in this case, which each set forth the requisite forfeiture nexus for the listed offenses.

#### A. 18 U.S.C. § 981(a)(1)(C) – Wire Fraud Offenses

In imposing sentence on a defendant convicted of a violation of 18 U.S.C. §§ 1349 and/or 1343, the Court shall forfeit to the United States the following property: any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity," or a conspiracy to commit such offense. 18 U.S.C. § 981(a)(1)(C) (made criminally applicable by 28 U.S.C. § 2461(c)). Wire fraud in violation of 18 U.S.C. § 1343 is a "specified unlawful activity." *See* 18 U.S.C. § 1956(c)(7); *see also* 18 U.S.C. § 1961(1).

The term "proceeds" includes "all manner of property in the defendant's possession and fairly considered as derived from the crime of conviction." *United States v. Torres*, 703 F.3d 194,199 (2d Cir. 2012). Indeed, "so long as there is a causal nexus between the wrongdoer's possession of the property and her crime, the property may be said to have been

6

'obtained' by her 'indirectly' as a result of her offense." *Id. See, e.g., United States v. Miller*, 2012 WL 2362366, at *2 (E.D. Pa. June 21, 2012) ("[I]f money derived from drug trafficking is used to purchase real property, and that real property is used as collateral for a loan, the loan represents the proceeds of drug trafficking activity[.]").

Additionally, if an asset has appreciated since the initial purchase, the United States is entitled to forfeit the entire amount, including the increased value. *See, e.g., United States v. Betancourt*, 422 F.3d 240 (5th Cir. 2005) (if defendant buys a lottery ticket with drug proceeds, the lottery winnings are traceable to the offense even though the value of the ticket appreciated enormously when it turned out to contain the winning number); *United States v. Hill*, 46 F. App'x 838, 839 (6th Cir. 2002) (stock that appreciates in value is forfeitable as property traceable to the originally forfeitable shares).

### B. 18 U.S.C. § 982(a)(1) – Money Laundering Offense

In imposing sentence on a defendant convicted of a money laundering offense, the Court must order that "the person forfeit to the United States any property, real or personal, *involved in* such offense, or any property *traceable to* such property." 18 U.S.C. § 982(a)(1) (emphasis added).

The Eleventh Circuit has broadly interpreted the phrase "involved in" to encompass "the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (quoting *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998)) (internal quotation marks omitted); *United States v. Seher*, 562 F,3d 1344, 1368 (11th Cir. 2009) (quoting *Puche*, 350 F.3d at 1153). Property would facilitate an offense if it makes the prohibited conduct less difficult or more or less free from obstruction or hindrance. *Seher*, 562 F.3d at 1368. Additionally, as previously noted, if an asset has appreciated in its value since the

initial purchase, the United States is entitled to forfeit the entire amount, including the increased value. *See United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) (motor home purchased in violation of section 1957 money laundering is forfeitable in its entirety as property traceable to the money laundering offense, irrespective of whether the appreciation is due to wise investment, effort expended by the defendant, or the infusion of untainted funds).

    Respectfully submitted,

    JUAN ANTONIO GONZALEZ
    UNITED STATES ATTORNEY

By:    */s/ Emily R. Stone*
    Emily R. Stone
    Assistant United States Attorney
    Florida Bar No. 92077
    Christopher B. Browne
    Florida Bar No. 91337
    Yisel Valdes
    Special Fla. Bar No. A5502330
    U.S. Attorney's Office
    99 Northeast Fourth Street, 7th Floor
    Miami, Florida 33132-2111
    Telephone: (305) 961-9407
    Facsimile: (305) 536-4089
    Emily.Stone@usdoj.gov